Brinkerhoee, C.J.
This is a petition filed in the court of common pleas, for partition under the statute; and is not a civil action under the code, in the nature of a bill in chancery, for partition. After decree in the common pleas, it seems that all the steps necessary to perfect an appeal from that court to the district court were duly taken, and the case was, in the district court, reserved for decision here. No question seems to have been made in' the district court, and none has been made by counsel here, as to whether an appeal lies in such a case. But, if an appeal does not lie, we have no jurisdiction of the case.
By the fifth section of the act of April 12, 1858, “ to relieve the district courts,” etc., the right of appeal is confined to “ final judgments, orders or decrees in civil actions, in which the parties, have not the right, by virtue of the laws of this state, to demand a trial by jury, and interlocutory orders dissolving injunctions rendered by any court of common pleas in this state in which it has original jurisdiction.” 4 Cur-wen’s St. -3088.
The term “ civil action,” embraces only such cases as were, before the enactment of the code of civil procedure, known as ‘ actions at law ” and “ suits in equity code, sec. 3; but a petition for partition under the statute, was never recognized either as an action at law or a suit in equity, and is not, therefore, a civil action under the code of civil procedure. It is a special statutory proceeding, the distinction between which and a civil action is everywhere recognized by the code. The case of Knoup v. Piqua Bank, 1 Ohio St. Rep. 603, and Mack v. Bonner, 3 Ohio St. Rep. 366, arose under-statutes differing in phraseology from the one now in force on the sub *462 ject of appeal from -the common pleas to the district courts, and do not apply to the question here presented.
Appeal dismissed.
Scott Day. White and Welch, JJ., concurred.